UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| GREGORY D. SOBIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:14-CV-1500 JD |
| | ) | |
| EVAN LOWRY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Gregory D. Sobin, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 17.) The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Sobin is an inmate at the Westville Control Unit ("WCU"). He claims that staff at WCU have been retaliating against him for filing grievances and complaining about the conditions of his confinement. Sobin filed two lawsuits in the Southern District of Indiana which resulted in a

settlement in his favor. He claims that certain prison staff members are angry that he was transferred to WCU as part of the settlement agreement, and because he has continued to complain about various improprieties by staff at WCU. He sues Unit Team Manager Evan Lowry, Program Director John F. Schrader, Mailroom Supervisor William McCorkle, Internal Affairs Supervisor Chuck Whelan, and Superintendent Mark Levenhagen. He alleges that Lowry specifically threatened to "get even" with him for his complaints, and that the other defendants have been working with Lowry to harass him. He claims they have subjected him to repeated unnecessary searches of his cell, tampered with his mail, and recently transferred him to a different unit which houses members of the Aryan Brotherhood. Sobin believes this unit may be dangerous to him because he had an altercation with a member of the Aryan Brotherhood at a different prison. He seeks compensatory and punitive damages, among other relief.

To establish a claim of retaliation in violation of the First Amendment, the plaintiff must allege: (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the defendant's action was motivated by the protected activity. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). A prisoner has a First Amendment right to use the prison grievance process, and a First Amendment right of access to the courts, and cannot be punished for exercising these rights. *Id.*; *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996).

Here, Sobin claims that because he filed grievances and lawsuits complaining about the conditions of his confinement, he has been continuously harassed since transferring to WCU. He claims the defendants have subjected him to unnecessary searches, tampered with or delayed his

incoming and outgoing mail, and recently transferred him to a different area of the prison that he believes may pose a danger to him. At this stage Sobin does not know for sure who among the defendants committed or ordered each of these acts, but this is not fatal to his claim. *See Billman v. Ind. Dep't of Corrs.*, 56 F.3d 785, 789-90 (7th Cir. 1995) (observing that a *pro se* prisoner complaint should not be dismissed simply because the prisoner does not know who among a group of defendants wronged him, since an inmate's "opportunities for conducting a precomplaint inquiry" are "virtually nil"). Giving him the inferences to which he is entitled, he has alleged enough to proceed further against the defendants. As a procedural matter, in addition to seeking damages, Sobin also seeks injunctive relief pertaining to his cell assignment and the handling of his mail. Levenhagen, as the superintendent of the facility, is a proper defendant for purposes of a claim for injunctive relief, since he could ensure that an order pertaining to Sobin's cell assignment or mail is carried out. *See Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Evan Lowry, John F. Schrader, William McCorkle, Chuck Whelan, and Mark Levenhagen in their individual capacities for monetary damages for retaliating against him in violation of the First Amendment;

(2) GRANTS the plaintiff leave to proceed against Mark Levenhagen in his official capacity for injunctive relief in connection with his First Amendment retaliation claim;

(3) DISMISSES any and all other claims contained in the complaint;

(4) DIRECTS the U.S. Marshals Service to effect service of process on Evan Lowry, John F. Schrader, William McCorkle, Chuck Whelan, and Mark Levenhagen pursuant to 28 U.S.C. § 1915(d); and

3

(5) ORDERS Evan Lowry, John F. Schrader, William McCorkle, Chuck Whelan, and Mark Levenhagen to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED:  July 8, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court