UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GREGORY D. SOBIN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 3:14-CV-1500 JD |
| EVAN LOWRY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Gregory D. Sobin, a *pro se* prisoner, was granted leave to proceed on claims that the defendants, Evan Lowry, John F. Schrader, William McCorkle, Chuck Whelan, and Mark Levenhagen retaliated against him for filing grievances and lawsuits, in violation of the First Amendment. The defendants moved for summary judgment, (DE 89), asserting they did not engage in any unlawful retaliation. In his response, Sobin concedes that summary judgment is appropriate as to John F. Schrader, William McCorkle, Chuck Whelan, and Mark Levenhagen. (DE 96 at 8.) The only remaining issue is whether Evan Lowry is entitled to summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-

moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "However, our favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Fitzgerald v. Santoro*, 707 F.3d 725, 730 (7th Cir. 2013) (citing *Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 306 (7th Cir. 2012)).

The following facts taken in a light most favorable to Sobin, as the non-moving party, are as follows: Sobin was an inmate at the Westville Control Unit ("Westville"). (Am. Cmplt at 1.) Evan Lowry was employed at Westville as a Unit Team Manager. (Lowry Dec. ¶ 2.) Sobin filed a number of grievances and complaints about his conditions of his confinement. According to Sobin, Lowry pulled him aside one day and said, "I'm not putting up with this here, with you filing these complaints, these lawsuits. I'm not putting up with it here. And at all costs, I'm gonna show you you're not gonna get away with this here." (Sobin Dep. at 54-55; See also DE 96 ¶ 1.) Sobin was later subjected to repeated "shakedown" searches of his cell, (Sobin Dep. at 54-56; Am. Cmplt at 6-7), had his mail tampered with, (Am. Cmplt at 11-12), and was transferred from cell A4-202 to cell A7-107, which was on a range that housed a member of the Aryan Brotherhood. (Am. Cmplt at 7-8; Sobin Dep. at 56-57.) Sobin believes this housing unit was dangerous to him because he had an altercation with a member of the Aryan Brotherhood at a different prison. (Sobin Dep. at 56.) Sobin alleges that Lowry did these three things to him in retaliation for filing lawsuits and grievances, in violation of his First Amendment rights.

As a threshold matter, Lowry claims that he is entitled to summary judgment because he was not personally involved in any of the complained of searches of Sobin's cell, did not order Sobin be transferred to a different cell, and was not involved in tampering with any of Sobin's

2

mail. (Dec. Lowry at ¶¶ 8, 10, 11, 12.) An individual must have personally participated in the alleged constitutional deprivation in order to be held responsible for the violation of a federally secured right for which damages are sought pursuant to Section 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (to be liable for the deprivation of a constitutional right, an individual must personally participate in the deprivation or be personally responsible for directing the conduct); *Zimmerman v. Tribble,* 226 F.3d 568, 574 (7th Cir. 2000) Thus, there must be some evidence that Lowry was personally involved in the alleged retaliatory acts for this case to proceed against him.

There is no evidence that Lowry was personally involved in tampering with Sobin's mail or with transferring Sobin to a different cell. In his deposition, Sobin concedes that he does not know if Lowry was involved with his mail being tampered with, (Sobin Dep. at 66), and is unaware whether Lowry was involved with or approved his cell transfer. (*Id*. at 62, 64-65, 106.) Nevertheless, Sobin argues summary judgment is inappropriate because Lowry had previously threatened him with retaliation. (DE 98 at 2.) Because of the prior threat, Sobin is of the belief that Lowry must be behind the complained of mail tampering and cell transfer. Summary judgment "is the put up or shut up moment in a lawsuit . . ." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). That is to say, at this juncture Sobin is required to provide some evidence that Lowry was personally involved in the alleged retaliatory acts. As explained above, he has not met this burden. Instead, Sobin provides only his subjective belief that Lowry tampered with his mail and reassigned him to another cell. Such speculation is insufficient to defeat summary judgment. *Herzog v. Graphic Packaging Int'l, Inc*., 742 F.3d 802, 806 (7th Cir. 2014). Without more, Sobin has not created a genuine issue of disputed fact, which dooms these

retaliation claims. Because there is no evidence that Lowry participated in, or was involved with, the alleged mail tampering[1] or cell transfer,[2] he is entitled to judgment as a matter of law on those claims.

The complained of shakedown searches of his cell, however, are another matter. Though Lowry denies any involvement, Sobin asserts that "Lieutenant Washington, Sgt. Livers, and Sgt. Myers" told him that Lowry ordered them to conduct searches of his cell. (DE 96 at 3, 5.) Lowry correctly points out that these purported statements made by non-party prison officers are inadmissible hearsay in their current form; however, FED R. CIV. P. 56(C)(2) permits the consideration of evidence inadmissible in its present form so long as it could be admissible at trial. If Sobin were to call these witnesses at trial, they could testify as to what Lowry told them under Fed. R. Evid. 801(d)(2), statements of a party opponent. If those witnesses testified that Lowry ordered them to search Sobin's cell, such testimony would constitute admissible evidence. Based on the guards' anticipated testimony - testimony which Sobin must elicit at trial - there is a genuine dispute as to whether Lowry was personally involved in ordering the searches of Sobin's cell. Because of this dispute, the court must go on to consider the merits of Sobin's retaliation claim against Lowry.

To establish a claim of retaliation in violation of the First Amendment, the plaintiff must allege: (1) he engaged in activity protected by the First Amendment, (2) he suffered a

---

[1] Nevertheless, it appears Sobin has abandoned his claim that Lowry tampered with his mail, as it is not discussed in his response brief. (See DE 96.)

[2] In addition, though Sobin complains about being transferred, there does not appear to be any evidence of a retaliatory motive in the cell transfer as there is no evidence Lowry knew there was a problem between Sobin and the unidentified Aryan Brotherhood member at Westville. Tellingly, Sobin does not even recall the name of the Aryan Brotherhood member that he was afraid of at Westville, he never spoke to him and was never threatened or assaulted by this individual. (Sobin Dep. at 62-68.)

deprivation that would likely deter First Amendment activity in the future, and (3) the defendant's action was motivated by the protected activity. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). A prisoner has a First Amendment right to use the prison grievance process, and a First Amendment right of access to the courts, and cannot be punished for exercising these rights. *Id.*; *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996). If the plaintiff proves that an improper purpose was a motivating factor, the burden shifts to the defendant to prove that "the same actions would have occurred in the absence of the protected conduct." *Spiegla v. Hull*, 371 F.3d 928, 943 (7th Cir. 2004.)

First, it is undisputed that filing lawsuits and grievances are activities protected by the First Amendment. Second, there is a genuine dispute whether Lowry ordering searches of Sobin's cell constitutes a deprivation that would likely deter future First Amendment activity. Lowry argues that the searches do not constitute such a deprivation because every inmate is subject to cell searches. (DE 90 at 3.) Lowry points out that Sobin's cell would have been searched the same amount of times even without a retaliatory motive. It is true that every inmate is subject to random cell searches at Westville, and the number of times Sobin's cell was searched was about average to his fellow inmates within his pod. (Lowry Dec. ¶ 7.) However, Sobin has explained that the shakedown searches directed by Lowry lasted longer and caused more damage than typical random searches encountered by inmates at Westville. (Lowry Dep. at 68; DE 91-6.) Based on the alleged differences between random searches and the targeted shakedown searches, there is a factual question as to whether the complained of searches at issue constitute a deprivation that would likely deter future First Amendment activity. *See Dewalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (noting that conduct that does not otherwise violate the

5

Constitution can form the basis of a retaliation claim if that conduct is done with an improper retaliatory motive); *see also Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012) (noting that the deprivation must deter future filings to be actionable).

Third, there is also a genuine dispute whether Lowry's actions were motivated by Sobin filing lawsuits and grievances. Lowry argues that there is no evidence to show that the complained of searches were made for any retaliatory purpose, (DE 90 at 12), and contends they were nothing more than legitimate random searches. (Lowry Dec. ¶ 4, 6, 7.) Despite Lowry's contention, this is a disputed fact. There is evidence that Lowry threatened Sobin with unspecified retaliation. (Sobin Dep. at 54-55.) And, while Sobin does not specifically indicate how soon the shakedowns came after Lowry's alleged threat, he states that the shakedown searches came on the heels of the threat. (See DE 96 at ¶ 14.) Though timing alone cannot sustain a retaliation claim, *Pugh v. City of Attica, Indiana*, 259 F.3d 619, 630 (7th Cir. 2001), suspicious timing may support an inference of retaliatory animus. *Cain v. Lane*, 857 F.2d 1139, 1145, n.6 (7th Cir. 1988). Taking the evidence in a light most favorable to Sobin - which includes Lowry's threat to Sobin, the close chronology between the threat and the searches, and the guards' statements that Lowry ordered them to search Sobin's cell - the court finds there is sufficient enough evidence which could allow a jury to find that Lowry ordered the searches in retaliation for Sobin engaging in protected First Amendment activities.

In a final effort to obtain summary judgment, Lowry argues that Sobin's cell would have been searched even absent any retaliatory motive. *Spiegla*, 371 F.3d at 943. However, as the evidence taken in a light most favorable to Sobin reveals that the shakedown searches were more in depth and destructive than typical random searches, such an argument cannot carry the day

here. As a result, summary judgment must be denied with regard to Sobin's claim that Lowry ordered shakedown searches of his cell in retaliation for Sobin engaging in activities protected by the First Amendment. This is the only claim that remains pending.

For these reasons, the court:

(1) **GRANTS IN PART and DENIES IN PART** the defendants' motion for summary judgment (DE 89);

(2) **DISMISSES** defendants John F. Schrader, William McCorkle, Chuck Whelan, and Mark Levenhagen from this case; and

(3) **DISMISSES** the claims that Evan Lowry retaliated against Gregory Sobin by tampering with his mail and reassigning him to a different cell.

SO ORDERED.

ENTERED: May 9, 2016

                /s/ JON E. DEGUILIO
               Judge
               United States District Court